

FILED

MAR 3 0 2007

CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |  |
|---|---|---|
| TONY HANIG, | \* | CIV. 06-4003 |
| Plaintiff, | \* | |
| vs. | \* | MEMORANDUM OPINION |
| CITY OF WINNER; WINNER CITY | \* | AND ORDER |
| COUNCIL; and Winner City Council | \* | |
| Members MARSHA RAY RISSEEUW; | \* | |
| TIM MEINERS; BOB McCREADY; BILL | \* | |
| BUCKMILLER; VALERIE SHERMAN; | \* | |
| and RALPH WINTER, all in their official | \* | |
| and individual capacities, | \* | |
| Defendants. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Plaintiff, Tony Hanig, brings this action under 42 U.S.C. § 1983 against the City of Winner, the Winner City Council and the members of the Winner City Council, in their official and individual capacities. Plaintiff contends that the Defendants violated his constitutional right to due process when they denied his liquor license renewal. Plaintiff has moved for partial summary judgment on the issue of liability and claims that he is so entitled based on the South Dakota Supreme Court's decision in *Hanig v. City of Winner*, 692 N.W.2d 202 (S.D. 2005), the Full Faith and Credit Clause of the United States Constitution, the federal statute implementing the clause (28 U.S.C. § 1738), and the doctrines of res judicata and collateral estoppel.[1] Doc. 30. Defendants have moved for summary judgment based on qualified immunity, failure to exhaust state remedies, and failure to allege facts that support the imposition of municipal liability. Doc. 32.

## FACTUAL AND PROCEDURAL BACKGROUND

Beginning in 1992, Plaintiff leased and operated the "Peacock," a bar located in Winner, South

---

[1]After considering the authorities set forth in Defendants' summary judgment brief, Plaintiff agrees that the individual council members cannot be considered parties to the previous state court action for purposes of collateral estoppel. Plaintiff still maintains, however, that "collateral estoppel fully applies to the City of Winner."Doc. 47.

Dakota. At some point in 2002, Plaintiff contemplated opening a new business at a different location and purchased undeveloped land outside the Winner city limits. On April 23, 2002, Plaintiff applied to Tripp County, South Dakota, for a liquor license for the undeveloped property. After a hearing before the Tripp County Commission on May 7, 2002, Tripp County granted Plaintiff's application for a liquor license. After obtaining his liquor license from Tripp County, Plaintiff requested that his property be annexed into the City of Winner so that the property could be attached to the city's sewer system. The Winner City Council voted unanimously in favor of annexing Plaintiff's property.

At the time the property was annexed into the City, Plaintiff had used the liquor license on only one occasion, when he "sold" a case of beer to two friends. Plaintiff's liquor license continued to remain in effect after the annexation until its expiration at the end of 2002. On December 2, 2002, approximately a month before his liquor license was to expire, Plaintiff applied to the City of Winner for renewal of his liquor license. Plaintiff received notice of the public hearing on the application for renewal of his liquor license before the Winner City Council. On January 6, 2003, the date of Plaintiff's license hearing, Plaintiff also applied with the City for a building permit for the undeveloped property.

Plaintiff's building permit application indicated that he intended to build a restaurant and lounge known as the "Holiday House" on the undeveloped property. Attached to the application was a one-page hand-drawn sketch of the proposed building. Plaintiff and his attorney appeared before the Winner City Council regarding Plaintiff's application for renewal of his liquor license on January 6, 2003. After several concerned citizens spoke against Hanig's application, Council Member Tim Meiners questioned the suitability of the business location and inquired as to whether a building permit had been issued on the undeveloped property. In response to this question, City Building Inspector Jim Baker advised that Plaintiff had made an inadequate and incomplete application for a building permit and the City Building Inspector would be denying the building permit application for this and other reasons. After hearing from Plaintiff and others, the Winner City Council voted unanimously to deny Plaintiff's liquor license renewal. According to its minutes, the Winner City Council's decision was made because "questions remained about the business plan and suitability of the location."

One of the Winner City Council members, Valerie Sherman, was employed as a part-time waitress at a steakhouse in Winner at the time the Council decided on Plaintiff's liquor license renewal.

Prior to the January 6, 2003, hearing, the owner of that steakhouse, wrote a letter to Sherman expressing concern about Plaintiff's license renewal. Sherman neither recused herself nor abstained from voting on Plaintiff's liquor license renewal application.

On May 13, 2003, Plaintiff petitioned in Tripp County, Circuit Court of the Sixth Judicial Circuit of South Dakota for a writ of mandamus to compel the Winner City Council to grant renewal of Plaintiff's license. On October 20, 2003, Plaintiff moved to amend his pleadings to eliminate his request that the Circuit Court compel the City to renew his liquor license and to instead compel the City to hold a second hearing on the grounds that the initial hearing violated his due process rights. The South Dakota Circuit Court granted summary judgment in favor of the City of Winner, and Plaintiff appealed to the South Dakota Supreme Court. The South Dakota Supreme Court reversed the circuit court and held that Winner City Council Member Valerie Sherman's indirect pecuniary interest constituted an impermissible conflict of interest that violated Plaintiff's procedural due process rights as established by the Fourteenth Amendment to the United, and that this violation entitled Plaintiff to a new hearing on his license renewal application. The South Dakota Supreme Court directed the circuit court to issue a writ of mandamus requiring the Winner City Council to conduct a new hearing and to vote without the disqualified member's participation and with full disclosure of any conflicts of the remaining members. *See Hanig v. City of Winner*, 692 N.W.2d 202 (S.D. 2005).

The South Dakota Supreme Court's decision was issued on January 19, 2005. In October of 2005, the construction was concluded of a competing business on the property immediately adjacent to Plaintiff's property. Plaintiff contends that this rendered his plans commercially unfeasible. There is no record of Plaintiff requesting a new hearing before the Winner City Council. On January 23, 2006, the City of Winner filed a motion seeking to dismiss the state court action for lack of prosecution pursuant to S.D.C.L § 15-30-16. Plaintiff responded that he did not object to the dismissal.

General Principles of Summary Judgment

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In ruling on a motion for summary judgment, the Court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the

3

underlying facts. *AgriStor Leasing v. Farrow*, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc*, 477 U.S. 242 (1986).

## WHETHER DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT BASED ON THE APPLICATION OF THE DOCTRINES OF RES JUDICATA AND COLLATERAL ESTOPPEL?

At the motion hearing held before the Court on September 5, 2006, the Court advised the parties of its opinion that Plaintiff's claim against the City in this case is barred by the doctrine of res judicata, and that his claim against the individual defendants is barred by the doctrine of collateral estoppel. After the hearing, counsel for Plaintiff and counsel for Defendants submitted letters setting forth their respective positions on the issue. Doc. 58 and 59. For the following reasons, the Court finds that Plaintiff's prior mandamus action in state court precludes the bringing of this § 1983 action for damages.

"The doctrine of res judicata serves as *claim* preclusion to prevent relitigation of an *issue actually litigated or which could have been properly raised and determined* in a prior action." *Barnes v. Matzner*, 661 N.W.2d 372, 377 (S.D. 2003) (quoting *Black Hills Jewelry Mfg. v. Felco Jewel Ind.*, 336 N.W.2d 153, 157 (S.D.1983)) (emphasis in the original). "For purposes of res judicata, a cause of action is comprised of the facts which give rise to, or establish, the right a party seeks to enforce. . . . [T]he test is a query into whether the wrong sought to be redressed is the same in both actions." *Id.* (ellipsis in original). The South Dakota Supreme Court has held that four elements must be satisfied in order to apply res judicata: (1) the issue in the prior adjudication must be identical to the present issue, (2) there must have been a final judgment on the merits in the previous case, (3) the parties in the two actions must be the same or in privity, and (4) there must have been a full and fair opportunity to litigate the issues in the prior adjudication. *See Matter of Guardianship of Janke*, 500 N.W.2d 207, 209 (S.D.1993) (citing *Raschke v. DeGraff*, 81 S.D. 291, 295, 134 N.W.2d 294, 296 (1965)).

Although the elements of collateral estoppel are the same as the elements of res judicata under South Dakota law, they are different doctrines. The South Dakota Supreme Court has noted,

"[i]t is perhaps easier to visualize the distinction by conceptualizing res judicata as 'claim preclusion' and collateral estoppel as 'issue preclusion.'" *Merchants State Bank v. Light*, 458 N.W.2d 792, 794 (S.D. 1990). Res judicata, as claim preclusion, is broader than the issue preclusion function of collateral estoppel. *See Bank of Hoven v. Rausch*, 449 N.W.2d 263, 266 (S.D. 1989).

Plaintiff readily admits that the elements of res judicata and collateral estoppel exist in this case, and the Court agrees. But Plaintiff argued at the motion hearing that the doctrines apply only to bar Defendant's defenses and not to bar his own claim because he is seeking a different remedy in this § 1983 case.[2] Plaintiff has not cited a case in support of this contention, and the Court is not aware of any authority for the proposition that the type of relief sought in any way factors into the res judicata or collateral estoppel analysis. As discussed below, the law reviewed by this Court reveals that it is the operative facts and the underlying causes of actions that are determinative in a res judicata or collateral estoppel analysis.

The Eighth Circuit has compared two causes of action for res judicata purposes by determining whether the primary right and duty and the delict or wrong are the same in both actions. *See Robbins v. District Court of Worth County, Iowa*, 592 F.2d 1015, 1017 (8th Cir. 1979). In *Robbins*, the Eighth Circuit held that res judicata barred a § 1983 action by parents challenging the termination of their parental rights in the Iowa court system. The Court stated:

> It is equally apparent that the causes of action in each proceeding are the same. Appellants argued in state court as they do here that their parental rights were unjustly and unconstitutionally terminated. Thus their § 1983 action is based on the same nucleus of operative fact before the Iowa courts. Appellants had the opportunity to raise these issues before the Iowa Supreme Court and having failed to do so cannot now attempt to circumvent the doctrine of claim preclusion by merely alleging a different theory of recovery where the actions arise out of the same transaction. *Gatzemeyer v. Vogel*, 589 F.2d 360 (8th Cir. 1978).

*Id.* at 1018. The Eighth Circuit affirmed the district court's dismissal of the parent's civil rights action on the ground that it was barred by the doctrine of res judicata. The South Dakota Supreme Court employs the same formula to compare causes of action. *See, e.g., Golden v. Oahe Enterprises,*

---

[2] In the mandamus proceedings, Plaintiff asked for and was granted the right to a new hearing. He did not ask for or receive damages despite the availability of damages in mandamus proceedings in South Dakota. *See* SDCL § 21-29-12.

*Inc.*, 240 N.W.2d 102, 109 (S.D. 1976) (the test for determining whether a cause of action is the same for purposes of res judicata is "whether the wrong for which redress is sought is the same for both actions.")

In the present case, it is clear that Plaintiff's mandamus claim and his § 1983 claim originate from the same transaction or nucleus of facts, and the wrong for which redress is sought is the same in both actions. In fact, the exact same cause of action was alleged in Plaintiff's mandamus case. Plaintiff himself said, "[T]he South Dakota Supreme Court decided affirmatively the issue of whether Hanig's procedural due process rights under the Fourteenth Amendment were violated by the undisclosed conflict of interest. That identical issue is presented in this case within the context of an action pursuant to section 1983, and should be recognized and adopted by this Court." (Doc. 38 at p. 10.) The only difference between the two actions is in the relief sought. South Dakota law provides for the recovery of damages in mandamus actions. *See* SDCL § 21-29-12; *Brown v. City of Yankton*, 434 N.W.2d 376, 377 (S.D. 1989). The fact that Plaintiff did not seek to recover all of the relief to which he was entitled in the mandamus proceeding does not preclude the bar of res judicata.[3] Plaintiff has not cited any cases to the contrary.[4] Accordingly,

---

[3]The Court notes that, in *Hillcrest Terrace Corp. v. Rapid City*, 23 N.W.2d 793 (S.D. 1946), the plaintiff sought and was granted a writ of mandamus in the first action where damages were not determined, and then brought a second action to recover the damages. Res judicata and collateral estoppel were not, however, mentioned or applied in that case.

[4]The individual defendants have also contend that they are entitled to qualified immunity. "Qualified immunity shields state officials from civil liability when 'their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Doe v. Gooden*, 214 F.3d 952, 954 (8th Cir. 2000)(quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). An action under 42 U.S.C. § 1983 can remedy only a violation of federal rights, so any violations of rights guaranteed by local or state laws are not relevant in the context of 42 U.S.C. § 1983. *Holloway v. Reeves*, 277 F.3d 1035, 1038 (8th Cir. 2002). In addition, the constitutionality of the defendants' actions must be assessed at the time the actions were taken. *Id.*

The possession of a protected property interest is a condition precedent to the State's obligation to provide due process of law. *See Movers Warehouse, Inc. v. City of Little Canada*, 71 F.3d 716, 718 (8th Cir. 1995). In *Woodruff v. Meade County Board of Commissioners*, 537 N.W.2d 384, 386 (S.D. 1995), the South Dakota Supreme Court explained: "License renewal applicants in other jurisdictions may be entitled to rudimentary procedural due process, but our law does not require imposing the same process allowed to those whose licenses are up for revocation,

**IT IS HEREBY ORDERED** that Plaintiff's action is barred by res judicata and collateral estoppel, Plaintiff's Motion for Partial Summary Judgment (Doc. 30) is denied, and Defendants' Motion for Summary Judgment (Doc. 32) is granted.

Dated this _30_ day of March, 2007.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
        Deputy

---

because 'there clearly is no general property right in [an alcoholic beverage] license in South Dakota as between the state and the licensee.'" (quoting *Rushmore State Bank v. Kurylas, Inc.*, 424 N.W.2d 649, 650 (S.D. 1988)).See also, *Application of Roberts*, 358 F.Supp. 392, 396 (D.S.D. 1973)(a South Dakota liquor license vests no property rights in a license holder which can be considered "property" against which the Government could assert a tax lien).

Although the South Dakota Supreme Court in *Hanig v. City of Winner* held that the Winner City Council Member's impermissible conflict of interest violated Plaintiff's procedural due process rights and entitled Plaintiff to a new hearing on his license renewal application, there was no protected property interest and accompanying obligation to provide due process of law at the time the Winner City Council acted on Plaintiff's application for license renewal. At the time of the denial of Plaintiff's license renewal application, Plaintiff had no "legitimate claim of entitlement" to the renewal of his alcohol license. *See Mover's Warehouse, Inc. v. City of Little Canada*, 71 F.3d at 718. The individual defendants are thus entitled to qualified immunity.

7